IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARILYN L. MOSS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-203 |
| T. DALE MOSS and H. MOSS REALTY, INC. | ) |
| Defendants. | ) |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.　　　　　　　　　　　　　　May 5, 2008

This is an action seeking specific performance. Plaintiff, Marilyn L. Moss originally filed suit in the Court of Common Pleas for Fayette County, Pennsylvania. Defendant T. Dale Moss, a resident of Florida, contends that plaintiff fraudulently joined defendant H. Moss Realty, Inc., a Pennsylvania corporation, for the sole purpose of depriving this court of subject matter jurisdiction. Accordingly, defendant T. Dale Moss removed the action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff has filed a motion to remand. Plaintiff argues that she has stated a claim against defendant H. Moss Realty, Inc. and, therefore, this court lacks jurisdiction. Plaintiff further argues that this court should decline to exercise jurisdiction pursuant to the probate

exception. For the reasons set forth below, the court finds that plaintiff properly joined defendant H. Moss Realty, Inc., and will remand this case to the Court of Common Pleas for Fayette County, Pennsylvania.

I. BACKGROUND

Plaintiff is the sister of defendant T. Dale Moss. Their mother, Jane Ann Moss, executed a revocable trust agreement on June 18, 1992. Jane Ann Moss died on September 21, 1992. Pursuant to the terms of the trust agreement, plaintiff was to receive a monthly cash income of $2,500. In consideration for this income, plaintiff remitted her shares of stock in H. Moss Realty, Inc. to the company.

In 1999, defendant T. Dale Moss and H. Douglas Moss terminated the trust agreement. The trust agreement required that, upon termination, T. Dale Moss as trustee was to either deliver to plaintiff a commercial annuity to pay her $2,500 for the rest of her life or pay her one third of the value of the trust estate remaining as of the date of the termination. The trust estate was, primarily, stock in defendant H. Moss Realty, Inc.

Plaintiff alleges that when defendant T. Dale Moss and H. Douglas Moss terminated the trust agreement, they agreed that defendant T. Dale Moss would assume responsibility for making

monthly payments to plaintiff. Plaintiff contends that, in violation of the trust agreement, defendant T. Dale Moss failed to either purchase a commercial annuity or to pay her one third of the value of the trust estate. Defendant T. Dale Moss provided plaintiff with monthly payments from the date the trust was terminated until October 31, 2006. Plaintiff has not received monthly payments since then. As of the date of her state court complaint, plaintiff contends that she is owed $32,500. Plaintiff filed this action in equity seeking specific performance in the Orphans Court Division of the Court of Common Pleas of Fayette County, Pennsylvania.

## II. STANDARD OF REVIEW

"[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" a removed case shall be remanded. 28 U.S.C. § 1447(c). The removal statute is to be strictly construed and all doubts regarding the propriety of removal should be resolved in favor of remand. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). The court of appeals has held that, in the absence of complete diversity, "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)(citations and internal quotations omitted). The court

3

of appeals cautioned, however, that "the removing party carries a heavy burden of persuasion in making this showing." Id.

In order to establish that joinder is fraudulent, the removing party must show that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)(citation omitted). Accordingly, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (citation omitted). The court must "focus on the plaintiff's complaint at the time the petition for removal was filed." Batoff, 977 F.2d at 851-52. The court must, therefore, "assume as true all factual allegations of the complaint." Id.

### III. DISCUSSION

Defendant T. Dale Moss argues that plaintiff's complaint is devoid of allegations against defendant H. Moss Realty, Inc. Accordingly, defendant argues, plaintiff fraudulently joined defendant H. Moss Realty Inc. and there is complete diversity. Plaintiff argues that she has stated a claim

against defendant H. Moss Realty Inc. Plaintiff argues, therefore, joinder was proper. The court agrees with plaintiff.

As set forth above, defendant T. Dale Moss faces a heavy burden in establishing that plaintiff's joinder of defendant H. Moss Realty, Inc. was fraudulent. He correctly notes that there is a dearth of allegations against H. Moss Realty, Inc. in plaintiff's complaint. Plaintiff does seem to contend, however obliquely, that because the trust has been terminated she is entitled to proceed directly against its res, namely, defendant H. Moss Realty, Inc. While the court expresses no opinion as to the merits of that claim, the court must conclude that there is a possibility that a state court would find that plaintiff's complaint states cause of action against defendant H. Moss Realty, Inc. Accordingly, plaintiff's motion to remand will be granted.

IV. CONCLUSION

For the reasons set forth above, plaintiff's Motion for Remand to State Court, [Doc. No. 6], is GRANTED. The Clerk of Court is directed to remand this case to the Court of Common Pleas of Fayette County, Pennsylvania, forthwith.

BY THE COURT

/s/ _____ J.

cc: All Counsel of Record